United States District Court
For the Northern District of California

**E-filed 2/25/11**

1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                        SAN FRANCISCO DIVISION

9

10   FORREST M. RICHARDSON,                    No. C 11-00459 RS

11              Plaintiff,              **ORDER DENYING MOTION FOR
                                        PRELIMINARY INJUNCTION**
12        v.

13   VINCENT CULLEN, Acting Warden, San
     Quentin State Prison, et al.,
14
15              Defendants.
     _____/
16

17

18

19                          I.  INTRODUCTION

20        Plaintiff Forrest Richardson, an inmate at the California State Prison, San Quentin (San

21   Quentin) filed suit against Vincent Cullen, San Quentin Acting Warden; Dr. Reyes, a member of the

22   San Quentin medical staff; and several San Quentin correctional officers.  In his suit, Richardson

23   alleges defendants are depriving him of medications for high blood pressure and pain management

24   that had been prescribed by his treating physician.  He brings claims for violation of his civil rights

25   under: (1) the Eight Amendment for deprivation constituting deliberate indifference to his medical

26   needs; (2) the First Amendment alleging that acts were taken in retaliation for a previously filed

27   suit; and (3) 42 U.S.C. §§ 1985(2) and 1985(3) proscribing conspiracies to interfere with civil rights.

28

United States District Court

For the Northern District of California

1    Richardson moved for a temporary restraining order (TRO) and a preliminary injunction to

2    enjoin defendants from withholding his medications and from preventing or discouraging him from

3    seeking medical assistance from the medical staff at San Quentin.  At a hearing on the TRO, the

4    Court denied Richardson's motion and requested additional information from defendants prior to

5    ruling on the motion for preliminary injunction.  Pursuant to Civil Local Rule 7-1(b), the motion for

6    preliminary injunction is suitable for disposition without oral argument.  For the reasons stated

7    below, the motion is denied.

8    II.  DISCUSSION

9    Injunctive relief is an "extraordinary remedy, never awarded as of right."  *Winter v. NRDC,*

10   *Inc.*, 129 S. Ct. 365, 376 (2008).  In order to obtain injunctive relief, a plaintiff must demonstrate

11   that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable injury; (3) that the

12   balance of hardships tips in his favor; and (4) that an injunction is in the public interest.  *See Winter*,

13   129 S. Ct. at 374.  In a sliding scale version of these requirements, relief may be granted where the

14   plaintiff establishes that serious questions on the merits exist and the balance of hardships tips

15   sharply in his favor.  *See Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960, 968 (9th Cir.

16   2010).  The plaintiff also must demonstrate a likelihood of irreparable harm and that the public

17   interest favors granting the injunction.  *Id.*

18   Although grounded in different constitutional or statutory rights, each of Richardson's

19   claims for civil rights violations essentially relies on his allegation that the withholding of particular

20   medications constitutes an illegitimate medical decision.  In order to state an Eighth Amendment

21   challenge, he must demonstrate: (1) that his medical need is objectively serious; and (2) that

22   officials acted with deliberate indifference to his health or safety.  *See Farmer v. Brennan*, 511 U.S.

23   825, 834 (1994).  A prison official acts with deliberate indifference when the officer "knows of and

24   disregards an excessive risk to inmate health or safety."  *Id.* at 837.

25   At the hearing on the motion for TRO, the parties indicated that Richardson was presently

26   receiving high blood pressure medication.  Thus, Richardson's principal complaint involves the San

27   Quentin staff's decision to terminate the pain medication he receives, namely morphine sulfate and

28   gabapentin.  Richardson claims that the action was motivated by retaliation for a lawsuit he has

United States District Court

For the Northern District of California

1    previously filed against correctional staff at the California State Prison, Solano.  Defendants dispute

2    that the medical and correctional staff at San Quentin, when taking the actions at issue, were even

3    aware of Richardson's prior claims involving the Solano prison.  In addition, defendants contend

4    that Richardson was investigated for possession of illegal narcotics and found guilty at a

5    disciplinary hearing in December 2010.  They maintain that the discontinuation of morphine is both

6    consistent with his medical needs and warranted by Richardson's suspected drug abuse.

7         The Court requested that defendants identify a physician, not a party to the present suit, to

8    review Richardson's medical file and to provide the Court with a report on whether his medical

9    problems are being adequately treated by his current pain medication regimen.  Defendants

10   submitted the report of Dr. Lisa Pratt, the chief physician and surgeon at San Quentin.  She states

11   that Richardson had been receiving morphine and gabapentin for shoulder and back pain.  She found

12   that, after shoulder surgery, there is no longer "objective finding of [that] disease" and his recovery

13   is "normal."  With regard to back pain, she also concludes that objective findings are lacking to

14   support Richardson's subjective complaints.  Thus, Dr. Pratt states that "non-opioid pain

15   management is appropriate treatment."  She also comments that medications for nerve pain

16   (according to Richardson, the gabapentin) were "rejected," apparently for lack of objective

17   evidence.

18        According to Dr. Pratt's comments and the copy of Richardson's medical records introduced

19   by him, the medical file makes several references to the discontinuation of his medications based on

20   the investigation into his illegal possession of morphine.  Although Dr. Pratt was not told of the

21   purpose for the request, she was informed that her report was being submitted to a federal judge.  As

22   Richardson suggests, Dr. Pratt could infer that Richardson had filed suit over the withholding of his

23   medication.  Nonetheless, Dr. Pratt provided her medical opinion that Richardson's present medical

24   conditions are adequately treated.

25        Based on her conclusion, Richardson has not shown that the withholding of his prior pain

26   medications likely constitutes an "excessive risk" to his health.  While his retaliation and conspiracy

27   claims may not require the same showing of risk to his health, defendants have suggested viable

28   reasons for discontinuing morphine.  In short, Richardson has not demonstrated the likelihood of

success on the merits of his suit that is required to obtain the "extraordinary remedy" of injunctive
relief.

### III.  CONCLUSION

Richardson's motion for preliminary injunction is denied.


IT IS SO ORDERED.


Dated: 2/25/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE