*E-Filed 11/18/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FORREST M. RICHARDSON,

    Plaintiff,

v.

VINCENT CULLEN, Acting Warden, San Quentin State Prison, et al.,

    Defendants.

No. C 11-00459 RS

**ORDER DISMISSING COMPLAINT**

Plaintiff Forrest Richardson, an inmate at the California State Prison at San Quentin, brings this suit alleging defendants are depriving him of medications for high blood pressure and pain management that were prescribed by his treating physician. Pursuant to the Prison Litigation Reform Act, a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Furthermore, prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

In this case, Richardson concedes that, at the time of filing his complaint, he had not exhausted his administrative remedies: "Plaintiff is bringing this action before exhausting his administrative remedies as he would ordinarily be required to do, however, because to delay further would result in the continuing denial of his rights and would cause him to be further deprived of his essential medications, which deprivation is causing him continuing and serious medical harm." Complaint at 7:26-8:2. As this Court previously denied Richardson's motions for preliminary injunctive relief, the complaint must now be dismissed without leave to amend for failure first to exhaust administrative remedies. The Clerk shall close the file

IT IS SO ORDERED.

Dated: 11/18/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE